UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE ACT 1 GROUP, INC.,
d/b/a Act-1 Personnel Services,

        Plaintiff,

v.

Case No. 13-CV-13397
HON. GEORGE CARAM STEEH

ALTERNATIVE CARE STAFFING,
INC., et al.,

        Defendants.
_____/

### ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO REMAND (DOC. # 3) AND GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SERVE PROCESS ON DEFENDANT ALTERNATIVE CARE STAFFING (DOCS. #7, 8)

      This is a contract case that was removed to federal court on the basis of diversity of citizenship. Before the court is plaintiff's motion to remand the matter to state court, for the reason that complete diversity does not exist between the parties. Although it appears to the court that defendant Alternative Care Staffing, Inc. ("ACS") has likely wound up its business, some question concerning this fact remains, as discussed on the record at oral argument. Accordingly, the motion is denied without prejudice as set forth below. Additionally, the plaintiff's motion for an extension of 120 days to serve ACS with process is granted.

      This matter, filed in state court on July 16, 2013, was removed to this court on August 8, 2013 on the basis of diversity jurisdiction. Neither of the removing defendants, Evanston Insurance Company ("Evanston") and Markel Shand Corporation ("Markel"), is a citizen of Michigan. The question before the court is whether the status of named defendant ACS, a dissolved Michigan corporation, allows the removal or

-1-

requires a remand. The court notes that it is the removing defendants' burden to establish federal subject matter jurisdiction. Ahearn v. Charter Twp. of Bloomfield, 100 F.3d 451, 453 (6th Cir. 1996).

The parties do not dispute that the last time corporate documents were filed with the State of Michigan on behalf of ACS was in 2006, and that the corporation was automatically dissolved as of July 15, 2009. However, Mich. Comp. Laws Ann. § 450.1834 provides that even after dissolution, a corporation may "sue and be sued in its corporate name ... as if dissolution had not occurred." It is only once the corporation has finished winding up its affairs that the corporation "loses the powers enumerated in §§ 450.1833 and 450.1834." Flint Cold Storage v. Dep't. of Treasury, 285 Mich.App. 483, 498, 776 N.W.2d 387, 396 (2009) (holding that a period of 32 years for winding up was too long).

Under a repealed section of Michigan's General Corporation Act, a corporation used to have a three year period to wind up. See Mich. Comp. Laws Ann. § 450.75 (1931); Flint Cold Storage, 285 Mich. App. at 496. Under § 450.1833, a dissolved corporation now has a "reasonable time" to "(a) collect its assets; (b) sell or otherwise transfer, with or without security, assets which are not to be distributed in kind to its shareholders; (c) pay its debts and other liabilities; and (d) do all other acts incident to liquidation of its business and affairs." The parties take opposite positions on whether or not the time between dissolution of ACS in July 2009 and the filing of this suit, four years later, is sufficient to find that ACS has wound up its affairs.

Plaintiff asserts that both ACS's registered agent and articles of incorporation are still found on LARA, the website for Michigan's Department of Licensing and Regulatory Affairs. Plaintiff also asserts that ACS has an "active" website with a mission statement,

list of employees, benefits, and contact information, as well as "outstanding debts." Plaintiff likens the status of ACS to that of the dissolved corporation in Tax Increment Fin. Auth. v. Liberty Mut. Ins. Co., 771 F. Supp.2d 791, 795 (E.D. Mich. 2011), where a fifteen month winding up period was deemed reasonable and the naming of the dissolved Michigan corporation Project Control Systems, Inc. ("PCSI") as a defendant destroyed diversity. Plaintiff notes that discovery may reveal yet more information to support its argument that ACS's business has not been wound up, and argues that these facts defeat diversity jurisdiction in this case. Plaintiff recently filed an additional and alternative request concerning ACS, seeking an additional 120 days to extend the time to serve ACS with process.

Defendants emphasize that plaintiff has failed to point to one piece of evidence that any winding up of ACS's affairs is ongoing. Defendants offer the affidavit of a law clerk who attests that each of the phone and fax numbers on the ACS website is disconnected. The law clerk could not find any entity called ACS at the building address listed on the website, or in its directory, and discovered that ACS's domain name "alternativecarestaffing.com" is for sale by a company called "ValuePlusDomains.com." Furthermore, defendants note that printing out a credit report or other document which shows that ACS has (or had) creditors does not assist in determining whether winding up is still going on. Defendants argue that this case is unlike that of Liberty Mutual, where suit was filed in September 2010, and the Michigan defendant's vice president had executed tolling agreements on behalf of that party in November 2008 and March 2010. See Liberty Mut. Ins. Co., 771 F. Supp.2d at 795.

Finally, as discussed at oral argument with the parties, there is an unresolved question of the extent of ACS's involvement in underlying state court litigation.

Following the settlement of a medical malpractice action against the Henry Ford Health System, a state law suit was filed by HFHS against Act 1 and ACS for indemnification/contribution. The trial court's entry of summary judgment for plaintiff was affirmed on appeal.  Act 1 now seeks contribution from ACS based on the state court judgments.  However, the documents attached to the complaint in this matter do not reveal whether ACS played any kind of active role in the state court process.

A period in excess of four years has passed since the dissolution of this corporation and there has been nothing whatsoever presented to indicate any affirmative winding up of affairs since that time.  This is a period of time much longer than that considered in the <u>Liberty Mutual</u> case, and a year longer than that established in the repealed Michigan statute.

It appears to the court that a reasonable amount of time has passed for winding up the affairs of ACS, and it has not been presented with contrary evidence.  At this point, the court finds that defendants' burden of establishing federal subject matter jurisdiction has been satisfied; however, given the possibility that such evidence may materialize, plaintiff's motion to remand is hereby **DENIED WITHOUT PREJUDICE** and may be refiled if appropriate at a later date.  Plaintiff's motion to extend time to serve process on defendant ACS is **GRANTED**.

**IT IS SO ORDERED**.

Dated:  November 26, 2013

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 26, 2013, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk